| | |
|---|---|
| Daniel C., | Case No. 18-cv-2695 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew M. Saul, *Commissioner of Social Security*, | |
| Defendant. | |

Karl E. Osterhout, Osterhout Disability Law, LLC, 521 Cedar Way, Suite 200, Oakmont, PA 15139, and Edward C. Olson, Disability Attorneys of Minnesota, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401 (for Plaintiff); and

Kizuwanda Curtis, Assistant Regional Counsel, Social Security Administration, 1301 Young Street, Suite A702, Dallas TX 75202 (for Defendant).

Plaintiff Daniel C., through his attorneys, brought suit contesting Defendant Commissioner of Social Security's denial of his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. The Court granted Plaintiff's motion for summary judgment; Defendant's motion for summary judgment was denied; and the Commissioner's decision was vacated as to steps four through five and this case was remanded for further proceedings. (ECF No. 18). Plaintiff then filed a Petition for Attorney Fees under the Equal Access to Justice Act. (ECF No. 21). Defendant submitted no opposition within 14 days, so the motion was granted in full. (April 1, 2020 Order, ECF No. 24).

The following day, in the mid-morning of Thursday, April 2, 2020, Defendant emailed chambers asserting that the April 1, 2020 Order was "issued without SSA having the opportunity to contest the motion for fees." Defendant requested permission to file a letter asking for the opportunity to submit briefing. Defendant asserted Plaintiff does not object.

Defendant did not wait for a response from the Court. Rather, in the early afternoon of Monday, April 6, 2020, Defendant filed its opposition to Plaintiff's motion, (ECF No. 25), and a letter, (ECF No. 26). Defendant's letter requests permission to file its opposition brief by April 6, 2020 and explains why it had filed no briefing earlier. Defendant's opposition brief argues for a reduction of Plaintiff's requested fees.

First, the Court notes the extraordinary circumstances caused by COVID-19. While the Court appreciates the stress government counsel and practicing lawyers are under in these unprecedented times, the Court is confronting similar strains across its entire civil caseload—in fact, the Court was fully occupied Friday, April 3, 2020 resolving previously-calendared civil motions and disputes—not to mention the unique challenges facing its criminal caseload. Waiting approximately two days for a response before resorting to self-help is not common federal practice. The Court excuses Defendant's filings, but strongly urges patience, especially during the COVID-19 pandemic.

Turning to the merits of Defendant's argument supporting its filing of a response on April 6, 2020, Defendant points the Court to Local Rule 54.3(b). (ECF No. 26, at 1). That local rule states that: "When a party timely files and serves a motion for attorney's fees and related nontaxable expenses under Fed. R. Civ. P. 54(d)(2), the court must issue a briefing

schedule." Rule 54(d)(2) governs motions for attorney's fees not controlled by statute or other authority. Plaintiff's motion is squarely controlled by statute, the Equal Access to Justice Act. As such, Plaintiff's motion would not be governed by Rule 54(d)(2) or its local rule implementation but is controlled by the EAJA-specific Local Rule 54.3(a), which requires an EAJA motion be filed within 30 days of final judgment. Local Rule 54.3 does not require any specific briefing schedule as suggested by Defendant.

Even if Local Rule 54.3(b) applied as Defendant suggests, its opposition remains untimely. Under the analogous Local Rule 54.3(c), any opposition to motions for costs under Rule 54(d)(1) must be filed within 14 days. And Local Rule 54.3(d), which governs fees awarded under Fed. R. App. P. 39, also permits 14 days for a party to submit its opposition to any fees request. Further, Local Rule 54.3(d) refers to the procedure afforded by Local Rule 54.3(c); Local Rule 54.3(a) has no such cross-reference. Here, the 21 days that Defendant afforded itself have no basis in the rules it cites as justification. The appropriate amount of time to respond to an attorney's fees and costs motion under the EAJA, absent a scheduling order setting a more specific deadline, is 14 days.

Defendant further points to Local Rule 7.1(c)(2), which permits 21 days for a party to respond to a dispositive motion. (ECF No. 26, at 1). Defendant's reliance is misplaced by its own citations to the Local Rules. Where a general rule and a more specific rule both govern proceedings, it is axiomatic that the more specific rule controls. In this case, Local Rule 54.3, which governs fees and costs motions, is more specific than the standard dispositive motion deadlines. Moreover, Local Rule 7.1(e) contains a separate provision governing post-judgment motions that would override any other deadlines provided by

schedule." Rule 54(d)(2) governs motions for attorney's fees not controlled by statute or other authority. Plaintiff's motion is squarely controlled by statute, the Equal Access to Justice Act. As such, Plaintiff's motion would not be governed by Rule 54(d)(2) or its local rule implementation but is controlled by the EAJA-specific Local Rule 54.3(a), which requires an EAJA motion be filed within 30 days of final judgment. Local Rule 54.3 does not require any specific briefing schedule as suggested by Defendant.

Even if Local Rule 54.3(b) applied as Defendant suggests, its opposition remains untimely. Under the analogous Local Rule 54.3(c), any opposition to motions for costs under Rule 54(d)(1) must be filed within 14 days. And Local Rule 54.3(d), which governs fees awarded under Fed. R. App. P. 39, also permits 14 days for a party to submit its opposition to any fees request. Further, Local Rule 54.3(d) refers to the procedure afforded by Local Rule 54.3(c); Local Rule 54.3(a) has no such cross-reference. Here, the 21 days that Defendant afforded itself have no basis in the rules it cites as justification. The appropriate amount of time to respond to an attorney's fees and costs motion under the EAJA, absent a scheduling order setting a more specific deadline, is 14 days.

Defendant further points to Local Rule 7.1(c)(2), which permits 21 days for a party to respond to a dispositive motion. (ECF No. 26, at 1). Defendant's reliance is misplaced by its own citations to the Local Rules. Where a general rule and a more specific rule both govern proceedings, it is axiomatic that the more specific rule controls. In this case, Local Rule 54.3, which governs fees and costs motions, is more specific than the standard dispositive motion deadlines. Moreover, Local Rule 7.1(e) contains a separate provision governing post-judgment motions that would override any other deadlines provided by

Local Rule 7.1(c)(2). Defendant itself points to Local Rule 7.1(e) in its letter. (ECF No. 26, at 1). This local rule requires a party filing a post-judgment motion to obtain a briefing schedule before filing said motion. The requirement that a party obtain a briefing schedule further negates the assertion that the 21-day deadline of Local Rule 7.1(c)(2) applies. Thus, under all of Defendant's arguments, the 21-day deadline asserted is not supported by the Local Rules.

But Defendant's pointing to Local Rule 7.1(e) is not in vain. Plaintiff should have sought a briefing schedule to accompany his EAJA motion. Normally, this requirement is either not necessary or required because responses are received by government counsel regularly before any such briefing schedule is established. Regardless, the Court finds Plaintiff's failure to obtain a briefing schedule to be adequately remedied by permitting Defendant's opposition brief, filed seven days late on April 6, 2020, to remain docketed and treated as timely filed.

Accordingly, the Court will vacate its April 1, 2020 Order on Plaintiff's EAJA fees motion to allow for full briefing. Given the comity provided Defendant, it is appropriate to allow Plaintiff a reply brief as would be afforded under normal dispositive motion briefing. Plaintiff must file his reply no later than April 22, 2020. The Court will accept no further submissions and will then take Plaintiff's EAJA motion under advisement on the written submissions.

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. The Court's April 1, 2020 Order, (ECF No. 24), is **VACATED**;

2. Defendant's response, (ECF No. 25), to Plaintiff's EAJA motion is considered timely filed; and

3. Plaintiff may file a reply no later than April 22, 2020.


Date: April 13, 2020                                 *s/ Tony N. Leung*
    Tony N. Leung
    United States Magistrate Judge
    District of Minnesota

    *Daniel C. v. Saul*
    Case No. 18-cv-2695 (TNL)