# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Daniel C., | Case No. 18-cv-2695 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew M. Saul, *Commissioner of Social Security*, | |
| Defendant. | |

Karl E. Osterhout, Osterhout Disability Law, LLC, 521 Cedar Way, Suite 200, Oakmont, PA 15139, and Edward C. Olson, Disability Attorneys of Minnesota, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401 (for Plaintiff); and

Kizuwanda Curtis, Assistant Regional Counsel, Social Security Administration, 1301 Young Street, Suite A702, Dallas TX 75202 (for Defendant).

Plaintiff Daniel C., through his attorneys, brought suit contesting Defendant Commissioner of Social Security's denial of his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. The Court granted Plaintiff's motion for summary judgment; denied Defendant's motion for summary judgment; vacated the Commissioner's decision as to steps four through five; and remanded this case for further proceedings. (ECF No. 18). Plaintiff then filed a Petition for Attorney Fees under the Equal Access to Justice Act requesting an award of attorney's fees totaling $9,381.77 for 46.3 hours of work, as well as $400.00 in costs. (ECF Nos. 21, 22). Defendant submitted no opposition within 14 days, so the motion was granted. (April 1, 2020 Order, ECF No. 24). The Court vacated its April 1, 2020 Order, (ECF No. 27), and

now considers Plaintiff's fee motion with the benefit of the parties' additional briefing, (ECF Nos. 25, 28).

## I. ANALYSIS

Under the Equal Access to Justice Act ("EAJA"), "a party who prevails in a civil action against the United States—including a lawsuit seeking judicial review of administrative action—shall be awarded fees and expenses 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Rapp v. Colvin*, Case No. 12-cv-2473 (PJS/TNL), 2014 WL 5461889, at *1 (D. Minn. Oct. 27, 2014) (quoting 28 U.S.C. § 2412(d)(1)(A)). Fees must be awarded under the EAJA to a prevailing social security claimant unless the Commissioner's "position in denying benefits was substantially justified." *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991).

Here, the Commissioner does not dispute that Plaintiff was the prevailing party. Nor does the Commissioner raise any argument that his position in denying benefits was substantially justified. Rather, the Commissioner challenges the reasonableness of the fees requested. The Commissioner principally takes umbrage at Plaintiff counsel's itemized list of work, particularly entries referencing "review of file." (ECF No. 25, at 3). The Commissioner further objects to the time spent by Plaintiff's counsel in "review of file." (ECF No. 25, at 4–6). Finally, the Commissioner objects to the time requested by local counsel. (ECF No. 25, at 6–7).

Attorney's fees and expenses under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). Counsel for the prevailing party has an ethical duty to make a good faith

effort to exclude "excessive, redundant, or otherwise unnecessary" hours from counsel's fee petition. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see* 28 U.S.C. § 2412(b). "Once the adverse party objects to the fee request, the Court has a great deal of discretion to adjust the requested fees in light of the objections raised." *Magwood v. Astrue*, 594 F. Supp. 2d 557, 562 (E.D. Pa. 2009).

The Commissioner argues that he and the Court cannot determine how much time counsel spent on certain tasks involving "review of file" compared to those other tasks lumped in with them. (ECF No. 25, at 3). The Commissioner cites four times Plaintiff used the term "review of file," three of which are lumped with other language. (ECF No. 25, at 3). The Court understands the Commissioner's concerns, but a contextual review of Plaintiff counsel's itemized work makes it clear how his time was spent.

Mr. Osterhout, Plaintiff's counsel, began representing Plaintiff only following the conclusion of administrative proceedings. (ECF No. 27, at 3; *see* ECF No. 22-1, at 1 (performing first work following receipt of Appeals Council decision)). In reviewing the Appeals Council decision, a cursory review of the file, and a discussion with Plaintiff regarding a district court appeal, Mr. Osterhout expended 2.3 hours. (ECF No. 22-1, at 1). Then, Mr. Osterhout billed 1.0 hour reviewing the Commissioner's answer. (ECF No. 22-1, at 1). Four days later, Mr. Osterhout spent essentially three full days reviewing Plaintiff's file, identifying issues for the summary judgment motion, and accompanying legal research. (ECF No. 22-1, at 1). Specifically, Mr. Osterhout's itemized time states:

| Dec. 17, 2018 | Review of file; issue identification | 7.7 hours |
|---|---|---|
| Dec. 18, 2018 | Continued review of file with legal research | 7.9 hours |
| Dec. 19, 2018 | Completed review of file | 7.0 hours |

The next time entries amount to 15.8 hours of drafting, editing, and finalizing Plaintiff's summary judgment memorandum. (ECF No. 22-1, at 1).

These entries are appropriate and reasonable. This time spent reviewing the file, intermixed with some legal research for appropriate issue identification, is exactly the type of work the Court expects counsel to be performing on social security appeals. As discussed below, the difficulty in social security appeals is applying the facts to the law. That analysis varies in every social security case and is time intensive. And in cases challenging the weighing of opinion evidence, that analysis necessitates a deep look at, and often the laborious exegesis of, the medical record to ensure the opinion is consistent with and supported by the medical evidence. 20 C.F.R. § 404.1527(c). The Court finds no error in how counsel listed this work.

The Commissioner also challenges the time Plaintiff's counsel spent, 7.7 hours, in reviewing the file and identifying issues. The Commissioner asserts it "should not have taken long for counsel to identify the issues because a brief filed with the Appeals Counsel [sic] at the administrative level identified the issues for him." (ECF No. 25, at 4). The Court respectfully disagrees. As noted, Mr. Osterhout began representing Plaintiff only after conclusion of the administrative proceedings. Mr. Osterhout has a duty to his client to review the file, identify meritorious issues, and discuss the matter with his client prior to presenting claims to the federal district court in a social security appeal. While the arguments and issues may very well overlap between many Appeals Council briefs and

federal district court social security appeals, the time Mr. Osterhout spent reviewing the record is appropriate and reasonable.

The Commissioner also argues that ALJs improperly evaluating opinion evidence "is one of the most common issues found in Social Security cases," and, as such is the situation in this case, there is a basis to lower Plaintiff counsel's fee award. The Court again respectfully disagrees. The Commissioner is essentially asking for a discount because ALJs often make the same mistakes. But just because an error is common does not render the work seeking to correct that error less valuable.

The Commissioner also argues that counsel used a "template-like approach where he relied on the same case law, regulations, and rulings" then "fit the facts with the same issues." (ECF No. 25, at 4–5). The Commissioner is right, but this has little impact on Plaintiff's counsel's fees motion. The law and regulations surrounding social security actions generally remain static. Thus, there is little need to modify the legal and regulatory frameworks in briefs. Indeed, the same is often true for the Court's orders; the Court rarely faces a novel legal argument in a social security appeal. The complicated aspect in every social security case is applying the facts, which are dense and buried in nigh-undigestible medical records, to the law. That analysis, both for the parties and the Court, is different in every single social security case. Just because the parties often dispute how the ALJ weighed opinion evidence does not mean it takes any less time to mount that challenge in the next case. In fact, an opinion evidence challenge is often the most work-intensive social security appeal the Court handles as it requires a deep dive into the longitudinal record to

weigh whether the medical opinion is consistent with and supported by the medical evidence. 20 C.F.R. § 404.1527(c).

In sum, the Court finds the time requested by Mr. Osterhout to be reasonable. The Court does not find any excessive, redundant, or otherwise unnecessary hours in Mr. Osterhout's itemized time sheet. The Court grants Mr. Osterhout's requested fees for 43.9 hours worked.[1]

Lastly, the Commissioner challenges the 2.4 hours requested by local counsel, Mr. Olson. The Commissioner asserts Mr. Olson billed for "routine filings," the "usual documents filed in almost every disability case." (ECF No. 25, at 6). But as Plaintiff points out, local counsel's participation "is *explicitly* required" to ensure compliance with local rules. (ECF No. 28, at 6) (emphasis in original). The local rules mandate that nonresident attorneys associate with local counsel. D. Minn. LR 83.5(d). The Court will not reject the fees requested by Mr. Olson where he performed exactly the type of work required by the local rules. D. Minn. LR 83.5(d)(2) (requiring local counsel to participate in the presentation of the case and service of all papers).

## II.  CONCLUSION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that: Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act, (ECF No. 21), is **GRANTED** as follows: Plaintiff is **AWARDED** $9,381.77 for reasonable attorney's fees under the EAJA. Plaintiff is **AWARDED** $400.00

---

[1] The Commissioner does not challenge Mr. Osterhout's requested hourly rate of $202.63.

6

in costs. This award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the EAJA.

Date: May 26, 2020                                                    s/ Tony N. Leung
                                                                                Tony N. Leung
                                                                                United States Magistrate Judge
                                                                                District of Minnesota

                                                                                *Daniel C. v. Saul*
                                                                                Case No. 18-cv-2695 (TNL)